(No. 6491—Claimant )

ANDREW J. KOZAK, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 15, 1973.*

JOHN O. HEIMDAL, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; MARTIN A. SOLL, Assistant Attorney General, for Respondent.

BURKS, J.

This cause of action arose in August of 1971, when the claimant suffered personal property damage to his soybean crop in the stipulated amount of $750.00 after 60 head of cattle from the adjacent Illinois Penitentiary Farm at Joliet broke through the respondent's fence and entered onto claimant's property.

The parties agreed by a stipulation that the respondent owned and operated the Illinois Penitentiary System; that the claimant was the tenant in possession of a farm adjacent to the Joliet Branch of the Penitentiary; that the claimant had presented this claim previously to Warden John J. Twomey of the Joliet Branch; that the claimant was the sole owner of his claim; and that the amount of claimant's damages was $750.

The only issue is one of negligence.

The claimant testified that on the day of the occurrence, at approximately 3:30 p.m., he discovered about 60 head of the State's cattle that entered on to his land through the "wrecked" fence that surrounded the penitentiary's farm. The penitentiary was then called by the claimant and informed of the incident.

Mr. Donald Rentz, the Farm Superintendent, testified as to the manner by which the cattle broke through the fence. He said that, at the point where the cattle entered, there had been a gully under the fence which had been filled in with logs and dirt; and that the cattle were, therefore, able to push the fence up and go under it on the claimant's farm. Mr. Rentz added that this gully had been filled with dirt "many a time" and that, although the logs had never been pushed out before, after this incident another method was employed to repair the fence more permanently.

As to the manner in which the cattle were removed, Mr. Rentz related that four horsemen were brought on to the claimant's farm by the penitentiary to round up the cattle and in so doing the soybeans were damaged. It appears that most of the damage was caused when the penitentiary's horsemen tried to corral the cattle.

Both parties concede that the question of liability arising from this occurrence is covered by the following provision stated in Ch. 8, Sec. 1, Ill. Rev. Stat., 1971:

"Hereafter, it shall be unlawful for any animal of the species of horse, ass, mule, cattle, goat, swine or geese, to run at large in the State of Illinois: Provided, that no owner or keeper of such animals shall be liable for damages in any civil suit for injury to the person or property of another caused by the running at large thereof, without the knowledge of such owner or keeper, when such owner or keeper can establish that he used reasonable care in restraining such animals from so running at large."

After a careful review of the testimony, it is the finding of this court that the respondent failed to exercise reasonable care in restraining its cattle from running at large; that the respondent had knowledge of the stray animals at the time they caused the damage to the claimant's soybean crop; and that no negligence of the claimant contributed to the occurrence. Therefore, the claimant has established the necessary elements for re-

covery of his damages consistent with the ruling of this court in *Country Mutual Insurance Co., et al.* v. *State,* No. 5391 (1972).

The claimant, Andrew J. Kozak, is hereby awarded damages in the amount of $750.00.