(No. 80-CC-1446—)

JAMES FELTES and HELEN FELTES, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 31, 1981.*

*Rehearing denied October 28, 1981.*

EDWIN R. MCCULLOUGH, for Claimants.

TYRONE C. FAHNER, Attorney General (JOHN R. FANONE, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This is a claim brought by Claimants, James Feltes and Helen Feltes, for damage allegedly done to their fence when Respondent's snowplow allegedly piled snow against it and on top of it.

In August 1978, Claimant bought one-half acre of property located on the corner of Saddle Road and Roosevelt Road in Du Page County, Illinois. The property was fenced with a rustic, cedar fence which was then approximately 10 to 20 years old.

According to the testimony of Helen Feltes, one night in late January or February of 1979, she watched out a window as a snowplow pushed snow from Roosevelt Road onto the fence. She testified she did not know who the snowplow belonged to but assumed that it was the property of the State of Illinois as Roosevelt Road is a State highway.

It is Claimants' contention that prior to this heavy snowfall and prior to the cleaning of Roosevelt Road by the snowplow in question, the fence had stood straight

without tilting. After the snow melted in March or April of 1979, it was noticed that the fence was sagging toward the middle, a couple of posts were leaning, and some of the rails had broken out.

The fence was approximately 160 feet long and the evidence is uncontradicted that the fence was deteriorated and rotten. After the snow had melted, it appeared that three sections of fence, or 30 feet, had been tilted and some of the rails were broken.

Claimants secured affidavits from two concerns as to the cost of replacing the entire fence with 160 feet of new cedar fencing and posts, one estimate being for $920.00 and the other for $787.00. The record is completely devoid of any evidence as to what it would cost to repair the three damaged sections of 10 feet each.

The record is silent as to the condition of the fence prior to the accident and the record is also silent as to whether or not the area of fence that was broken was the same area where the snow had been piled against the fence.

Claimants' statements in their brief are as follows:

"Their split rail fence was totally destroyed when Respondent's snowplows struck it and piled snow on it while plowing snow from Roosevelt Road onto their property."

"Claimants have met their burden of proof and demonstrated that the entire fence was destroyed by Respondent's negligence and trespass and must, therefore, be awarded damages to replace their fence."

Both of these statements are untrue. The only direct evidence in the record is to the effect that approximately 30 feet of the entire 160 feet of fence was damaged.

The record is devoid of any testimony to the effect that the place where Claimant saw the snow being dumped was the same area that was damaged. Before Claimants can recover, they must prove the damage was

occasioned by the negligence of the Respondent and that said negligence was the proximate cause of the damage complained of. See *Kozak v. State of Illinois*, 29 Ill. Ct. Cl. 95; also 26 Ill. Ct. Cl. 308, and cases therein cited.

Claimants having failed to meet their burden of proof that the negligence of the State caused the damage complained of, award is hereby denied.